IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUSSELL CARTER, | ) |
| | ) |
| Plaintiff, | ) Case No.: 4:16-CV-84-WTM-GRS |
| | ) |
| vs. | ) |
| | ) |
| JOHN WILCHER, in his official capacity as | ) |
| Sheriff of Chatham County, | ) |
| CORIZON HEALTH, INC., | ) |
| JOSEPH MOYSE, MD, | ) |
| LINDSEY JACKSON, DDS, | ) |
| MARY BROWNE, LPN, | ) |
| K. HARRIS, LPN, | ) |
| SHEVON CAMPBELL, LPN, | ) |
| V. ALLEN, LPN, | ) |
| R. LEWIS, LPN, | ) |
| M. WHITE, LPN, and | ) |
| ANGELA JACKSON, LPN, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SHERIFF JOHN WILCHER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Sheriff John Wilcher, in his official capacity as Sheriff of Chatham County, Defendant herein, and answers Plaintiff's Complaint, stating as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Sheriff Wilcher upon which relief can be granted and should therefore be dismissed.

## SECOND DEFENSE

Plaintiff's claims against Sheriff Wilcher in his official capacity are barred by the doctrines of Eleventh Amendment immunity and sovereign immunity.

## THIRD DEFENSE

Some or all of the Plaintiff's claims are barred because no unconstitutional policy, practice, or custom existed on the part of Sheriff Wilcher, in his official capacity.

## FOURTH DEFENSE

Sheriff Wilcher denies that Plaintiff was subjected to the deprivation of any rights, privileges or immunities of the constitutional laws of the United States or the State of Georgia.

## FIFTH DEFENSE

To the extent Plaintiff alleges federal law claims against Sheriff Wilcher, in his individual capacity, such claims are barred by the doctrine of qualified immunity.

## SIXTH DEFENSE

42 U.S.C. § 1983 does not provide a substantive right to relief against Sheriff Wilcher.

## SEVENTH DEFENSE

Sheriff Wilcher cannot be held liable pursuant to 42 U.S.C. § 1983 based solely on a theory of respondeat superior.

## EIGHTH DEFENSE

Sheriff Wilcher is not subject to an award of punitive damages as a matter of law.

## NINTH DEFENSE

To the extent Plaintiff alleges claims against Sheriff Wilcher arising under state law, such claims are barred by O.C.G.A. § 36-1-4 and Art. I, § II, ¶ IX of the Constitution of the State of Georgia and the doctrines of sovereign and official immunity.

## TENTH DEFENSE

Any injuries or damages allegedly sustained by Plaintiff are the result of his own actions or the actions of others; therefore, Sheriff Wilcher is not liable to Plaintiff in any amount.

## ELEVENTH DEFENSE

Plaintiff cannot recover from Sheriff Wilcher because no act or omission on his part was the cause in fact or the proximate cause of any alleged injuries or damages Plaintiff may have sustained.

## TWELFLTH DEFENSE

Sheriff Wilcher breached no duty owed to Plaintiff.

## THIRTEENTH DEFENSE

Sheriff Wilcher responds to the enumerated allegations of Plaintiff's Complaint as follows:

## Response to "Introduction"

1.     The allegations contained in Paragraph 1 of Plaintiff's Complaint merely set forth the nature of Plaintiff's claims and therefore do not require any response from Sheriff Wilcher. To the extent any further response is deemed necessary, Sheriff Wilcher denies that Plaintiff's constitutional rights were violated and further denies that he is liable to Plaintiff whatsoever.

2.     Sheriff Wilcher denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Sheriff Wilcher admits the allegations in contained in the first sentence of Paragraph 3 of Plaintiff's Complaint and is without sufficient knowledge or information upon which to admit or deny the allegations contained in the second sentence of Paragraph 3.

4.     Sheriff Wilcher admits that Corizon had a contract for services with the Board of Commissioners of Chatham County to provide healthcare services, including medical, dental, and mental health services to the detainees at the CCDC. The terms of the contract speak for themselves in its entirety. Sheriff Wilcher further admits that Corizon was paid for its services in accordance with the terms of the contract. Anything not specifically admitted in response to Paragraph 4 of Plaintiff's Complaint is denied.

5.     Sheriff Wilcher denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Sheriff Wilcher denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Sheriff Wilcher denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Sheriff Wilcher denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Sheriff Wilcher denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### Response to "Jurisdiction and Venue"

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent any further response is deemed necessary, Sheriff Wilcher admits that this Court has jurisdiction over this civil action and denies the remaining allegations.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent any further response is deemed necessary, Sheriff Wilcher admits that venue is generally proper in this Court.

### Response to "Parties"

12. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In response to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Sheriff Wilcher admits that Defendants Moyse and Jackson were

licensed to practice medicine and dentistry, respectively, in the State of Georgia, at all times relevant to the Complaint. Sheriff Wilcher is without sufficient information or knowledge upon which to admit or deny whether Moyse and Jackson are Georgia residents. Anything not specifically admitted in response to Paragraph 13 is denied.

14. In response to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Sheriff Wilcher admits that Defendants Lewis, Browne, Harris, Jackson, Allen, White, and Campbell were licensed as practical or registered nurses at all times relevant to Plaintiff's Complaint. Sheriff Wilcher further admits that Defendants Lewis, Browne, Harris, Jackson, Allen, White, and Campbell were employed by Corizon at all times relevant to Plaintiff's Complaint. Sheriff Wilcher is without sufficient information or knowledge upon which to admit or deny whether Lewis, Browne, Harris, Jackson, Allen, White, and Campbell are Georgia residents. Anything not specifically admitted in response to Paragraph 14 is denied.

15. In response to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Sheriff Wilcher admits that he is a constitutional officer of the State of Georgia, that Plaintiff's Complaint names him in his official capacity, that, as Sheriff, he is responsible for the administration, operation and supervision of the CCDC and the promulgation and enforcement of rules, regulations, policies, customs and practices relevant thereto, and that, as Sheriff, he acts under color of state law.  In response to the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, Sheriff Wilcher denies that he was the Sheriff of Chatham

County at all times pertinent to Plaintiff's Complaint, but admits that he currently holds the office of Sheriff.

16. In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, Sheriff Wilcher denies that Corizon contracted with the Sheriff, is without sufficient information or knowledge upon which to admit or deny whether Corizon acts under color of state law, and admits the remaining allegations.

### Response to "Compliance with Procedural Requirements"

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any further response is deemed necessary, Sheriff Wilcher denies that Plaintiff is entitled to recover under 42 U.S.C. § 1983.

### Response to "Factual Allegations Common to All Counts"

18. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Sheriff Wilcher admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Sheriff Wilcher submits that Plaintiff's infirmary request speaks for itself. To the extent any allegations of Paragraph 25 are inconsistent with Plaintiff's infirmary request, such allegations are denied.

26. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. In response to the allegations contained in Paragraph 29 of Plaintiff's Complaint, Sheriff Wilcher submits that Plaintiff's request for medical care form speaks for itself. To the extent any allegations in Paragraph 29 are inconsistent with Plaintiff's request for medical care form, such allegations are denied.

30. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. In response to the allegations contained in Paragraph 31 of Plaintiff's Complaint, Sheriff Wilcher submits that Plaintiff's medical request speaks for itself.

To the extent any allegations of Paragraph 31 are inconsistent with Plaintiff's medical request, such allegations are denied.

32. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in the first two sentences of Paragraph 38 of Plaintiff's Complaint.  Sheriff Wilcher denies as pled the allegations contained in the third sentence of Paragraph 38.  In response to the remaining allegations of Paragraph 38, Sheriff Wilcher denies that Defendant Corizon failed to provide medical care to Mr. Carter and is without sufficient knowledge or information upon which to admit or deny the remainder.

39.     Sheriff Wilcher denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

### Response to "Count I (42 U.S.C. § 1983 Claim against Defendant Sheriff John Wilcher in his Official Capacity)"

40.     Sheriff Wilcher re-alleges and incorporates by reference his responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if set forth here verbatim.

41.     Sheriff Wilcher denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     In response to the allegations contained in Paragraph 42 of Plaintiff's Complaint, Sheriff Wilcher admits that the day-to-day decisions regarding inmate medical care were handled by Corizon and its employees.  Sheriff Wilcher denies the remaining allegations.

43.     Sheriff Wilcher denies the allegations contained in Paragraph 43 of Plaintiff's Complaint to the extent they pertain to him.

44.     Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Sheriff Wilcher denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Sheriff Wilcher denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Sheriff Wilcher denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     Sheriff Wilcher denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**Response to "Count II (42 U.S.C. § 1983 claim against Defendants Corizon Health, Inc., Joseph Moyse, MD, Lindsey Jackson, DDS, Mary Browne, LPN, K. Harris, LPN, Shevon Campbell, LPN, V. Allen, LPN, R. Lewis, RN, M. White, LPN, and Angela Jackson, LPN)**

49.     Sheriff Wilcher re-alleges and incorporates by reference his responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if set forth here verbatim.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint set forth the nature of Plaintiff's claims against the "Corizon Defendants" and thus no response from Sheriff Wilcher is required.  To the extent any further response is deemed necessary, Sheriff Wilcher denies that he violated Plaintiff's constitutional rights and denies liability to Plaintiff.

51.     Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     The allegations contained in the first sentence of Paragraph 53 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent any further response is deemed necessary, Sheriff Wilcher denies that he violated Plaintiff's constitutional rights and denies liability to Plaintiff.  Sheriff Wilcher is without sufficient knowledge or information upon which to admit or deny the allegations contained in the second sentence of Paragraph 53.

54.     Sheriff Wilcher denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Sheriff Wilcher denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Sheriff Wilcher denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Sheriff Wilcher denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Sheriff Wilcher denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     Sheriff Wilcher denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

### Response to "Count III (Punitive Damages against Defendants Corizon)

60.     Sheriff Wilcher re-alleges and incorporates by reference his responses to Paragraphs 1 through 59 of Plaintiff's Complaint as if set forth here verbatim.

61.     Sheriff Wilcher denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.     Sheriff Wilcher denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

### FOURTEENTH DEFENSE

Sheriff Wilcher denies all allegations of Plaintiff's Complaint not specifically admitted above.

WHEREFORE, Sheriff Wilcher prays for a trial by jury of twelve (12) and prays that Plaintiff's Complaint be dismissed and that all costs of this action be cast against Plaintiff.

This 15th day of July, 2016.

OLIVER MANER LLP

*/s/ Benjamin M. Perkins*
BENJAMIN M. PERKINS
State Bar No. 140997

*/s/ Lauren E.H. Meadows*
LAUREN E.H. MEADOWS
State Bar No. 575757

P.O. Box 10186
Savannah, GA 31412             Attorneys for Sheriff John Wilcher
(912) 236-3311 telephone
(912) 236-8725 facsimile
bperkins@olivermaner.com
lmeadows@olivermaner.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the **Defendant Sheriff John Wilcher's Answer and Affirmative Defenses to Plaintiff's Complaint** upon all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing to the following:

| William R. Claiborne, Esq.<br>Cameron Kuhlman, Esq.<br>THE CLAIBORNE FIRM, P.C.<br>410 E. Bay St.<br>Savannah, GA 31401<br>will@claibornefirm.com | David J. Utter, Esq.<br>S. WESLEY WOOLF, P.C.<br>408 E. Bay St.<br>Savannah, GA 31401<br>utter@woolflawfirm.net |
|---|---|
| Thomas S. Carlock, Esq.<br>Emily Ward, Esq.<br>CARLOCK, COPELAND, & STAIR, LLC<br>191 Peachtree Street NE<br>Suite 3600<br>Atlanta, GA 30303 | Beth Boone, Esq.<br>Steve Bristol, Esq.<br>HALL BOOTH SMITH, P.C.<br>3528 Darien Highway, Suite 300<br>Brunswick, GA 31525 |

This 15th day of July, 2016.

OLIVER MANER LLP

*/s/ Benjamin M. Perkins*
BENJAMIN M. PERKINS
State Bar No. 140997
LAUREN E.H. MEADOWS
State Bar No. 575757

P.O. Box 10186
Savannah, GA 31412                               Attorneys for Sheriff John Wilcher
(912) 236-3311 telephone
(912) 236-8725 facsimile
bperkins@olivermaner.com
lmeadows@olivermaner.com