IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUSSELL CARTER,　　　　　　　　　　) <br> ) <br> 　　　Plaintiff,　　　　　　　　　　　　　) <br> ) <br> v.　　　　　　　　　　　　　　　　　　) <br> ) <br> JOHN WILCHER, in his official capacity as ) <br> Sheriff of Chatham County, Georgia, et al., ) <br> ) <br> ) <br> 　　　Defendants.　　　　　　　　　　　) <br> ) | CIVIL ACTION FILE NO.: <br> 4:16-CV-00084-WTM-GRS |

**MOTION AND MEMORANDUM IN SUPPORT TO ADD PARTY
DEFENDANTS CHATHAM COUNTY, GEORGIA, AND AL SCOTT AS
CHAIR OF THE BOARD OF COMMISSIONERS OF CHATHAM COUNTY, GEORGIA**

COMES NOW Plaintiff RUSSELL CARTER, pursuant to Federal Rule of Civil Procedure 15(a)(2), and respectfully moves this Honorable Court to permit Plaintiff to amend his Complaint to add as parties to this action Chatham County and the Chair of its Board of Commissioners, Al Scott, in his official capacity, showing as follows:

1. On April 6, 2016, Plaintiff Russell Carter ("Mr. Carter") filed this action against the Defendants for injuries that occurred as a result of Mr. Carter's detention in the Chatham County Detention Center ("CCDC"). Mr. Carter's injuries occurred after the Defendants knew that a dentist had previously diagnosed Mr. Carter with a serious medical condition, to wit impacted wisdom teeth, and the Defendants failed to provide necessary oral surgery to alleviate his pain and suffering.[1]

2. At the heart of Mr. Carter's allegations, which include a claim for punitive damages against Defendant Corizon Health, Inc., are the Defendants' obligations to provide

---
[1] Rec Doc 1

constitutionally adequate health and dental care pursuant to a contract Corizon Health Inc. executed with Chatham County, Georgia.[2]  Pursuant to that contract, the "jail administrator" of the CCDC—an employee of the Defendant John Wilcher—is the designated "Project Manager" who is "primarily responsible for the day-to-day management" of the contract between Corizon Health Inc. and Chatham County, Georgia.[3]

3. On February 14, 2017, Mr. Carter's lawyers deposed Defendant Sheriff Wilcher. Sheriff Wilcher testified that it was Chatham County, not the Sheriff's office, who had the responsibility to ensure that Corizon Health, Inc. fulfilled its legal obligations under the contract.[4]  Until Sheriff Wilcher's testimony, the prior discovery responses—namely the services contract with Corizon Health, Inc.—seemed to place responsibility for ensuring that the money Chatham County spent for constitutionally adequate health and dental care at the CCDC on the Sheriff's jail administrator.[5]

4. Georgia law is clear that Defendant Sheriff Wilcher is ultimately responsible for health and dental care at the CCDC.  *O.C.G.A. §42-4-4.*  Courts have "consistently ruled that governments, state and local, have an obligation to provide medical care to incarcerated individuals" and that the "duty is not absolved by contracting with" a private entity. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 705 (11th Cir. 1985) (citations omitted).  It is irrelevant whether Corizon "has contracted to perform an obligation owed by the county, [for] the county itself remains liable for any constitutional deprivations caused by the policies or

---

[2] Id.

[3] Rec Doc 74-6 at p. 3.

[4] The transcription of Sheriff Wilcher's deposition is not yet complete.  Plaintiff will supplement this motion with Sheriff Wilcher's testimony when the transcript becomes available.

[5] Rec Doc 74-6 at p. 3.

customs of" the private provider. *Id.* Through Defendant Sheriff Wilcher's testimony that he and his office had nothing to do with the contract, the Sheriff has indicated that his office (and perhaps Chatham County) seeks to create a "zero accountability" zone, with no entity on the governmental side of the contract responsible for Mr. Carter's pain and suffering.

5. Until Defendant Sheriff's deposition on Feb. 14, 2017, Mr. Carter was reasonably unaware that Sheriff Wilcher, who is sued in his official capacity only, would disavow responsibility for the day-to-day management of the contract between Corizon Health Inc. and Chatham County, Georgia. Because Sheriff Wilcher testified that responsibility for the contract was Chatham County's responsibility, Mr. Carter seeks leave to add Chatham County and the Chair of its Board of Commissioners, Al Scott, in his official capacity.

6. The Federal Rules of Civil Procedure provide that "leave to amend shall be freely given when justice so requires." *Fed.R.Civ.P. 15(a).* "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (citations ommitted). This is Mr. Carter's first motion for leave to file an Amended Complaint. He moves for leave in good faith to add Chatham County and Chair Scott in his official capacity as Defendants only after recently learning that Defendant Sheriff Wilcher is seeking to deny the responsibility for monitoring the contract even though *his own employee* was written into the document as responsible for the contract's "day-to-day management."[6]

---

[6] Rec Doc 74-6 at p. 3.

7. Although Defendants oppose this Motion, there is no prejudice to the Court's permitting Mr. Carter leave to amend. In addition, denial of leave greatly prejudices Mr. Carter's claims. Today is the last day Mr. Carter may bring suit for his injuries, as it was two years ago today that the Defendants finally provided Mr. Carter with the oral surgery that he needed to alleviate his pain. *See, Baker v. Sanford*, 484 Fed.Appx. 291 (11th Cir. 2012) (An "allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided.") (citations omitted).

8. Mr. Carter attaches a proposed Amended Complaint as Exhibit A.

Pursuant to Federal Rule of Civil Procedure 15, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give ... when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *Almanza v. United Airlines, Inc.*, 162 F. Supp. 3d 1341, 1361–62 (S.D. Ga. 2016), citing *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir.2014) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

A court need not allow leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *In re Engle Cases* at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir.2001)). Plaintiff's proposed amendment is not based upon undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously

allowed, and it would not be futile.  Defendant Sheriff has given unexpected testimony and appears to be strategizing a "no liability" zone in which he can point the finger elsewhere, disclaiming liability that is property that of his office.  The County will not be prejudiced by being joined in the action.  Opposing counsel representing the Sheriff is appointed by and paid by the County and has been representing its interests in fact and in law.  Additional discovery may be required by Plaintiff, but Plaintiff anticipates that it can be completed within the confines of the existing discovery period.  No further affirmative discovery by Defendants is anticipated to be necessary.

WHEREFORE Plaintiff Russell Carter respectfully requests leave of Court to file the attached Amended Complaint.

Respectfully submitted this 24th day of February, 2017.

THE CLAIBORNE FIRM, P.C.

*/s/ William R. Claiborne*
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
*Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com
cameron@claibornefirm.com

WOOLF LAW FIRM

*/s/ David J. Utter*
DAVID J. UTTER
Georgia Bar No. 723144
*Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile
woolf@woolflawfirm.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RUSSELL CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C/A No.: 4:16-cv-084-WTM-GRS |
| ) | |
| JOHN WILCHER, in his official capacity as ) | |
| Sheriff of Chatham County, Georgia ) | |
| CORIZON HEALTH, INC.; ) | |
| JOSEPH MOYSE, MD; ) | |
| LINDSEY JACKSON, DDS ) | |
| MARY BROWNE, LPN; ) | |
| K. HARRIS, LPN; ) | |
| SHEVON CAMPBELL, LPN; ) | |
| V. ALLEN, LPN; ) | |
| R. LEWIS, RN; ) | |
| M. WHITE, LPN; and, ) | |
| ANGELA JACKSON, LPN, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served counsel of record in this case with the foregoing in accordance with the directives from the Court's Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

CARLOCK, COPELAND & STAIR, LLP
Thomas S. Carlock
Eric J. Frisch
Emily C. Ward
tcarlock@carlockcopeland.com
efrisch@carlockcopeland.com
eward@carlockcopeland.com
*Attorneys for Corizon Defendants*

OLIVER MANER LLP
Benjamin M. Perkins
Lauren E.H. Meadows
bperkins@olivermaner.com
lmeadows@olivermaner.com

*Attorneys for Sheriff Defendant*

[continued on next page]

| | |
|---|---|
| HALL BOOTH SMITH, PC<br>M. Beth Boone<br>Steven P. Bristol<br>bboone@hallboothsmith.com<br>SBristol@hallboothsmith.com<br>*Attorneys for Defendant Jackson* | INSLEY & RACE, LLC<br>Brynda Rodriguez Insley<br>Philip Henderson<br>binsley@insleyrace.com<br>*Attorney for Defendant Moyse* |

RESPECTFULLY SUBMITTED, this 24th day of February, 2017.

                            THE CLAIBORNE FIRM, P.C.

                            /s/ William R. Claiborne
                            WILLIAM R. CLAIBORNE
                            Georgia Bar Number: 126363
                            *Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com
cameron@claibornefirm.com

                            WOOLF LAW FIRM

                            /s/ David J. Utter
                            DAVID J. UTTER
                            Georgia Bar No. 723144
                            *Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile
woolf@woolflawfirm.net